UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wayne G. Popham, | Case No. 24-cv-1070 (ECT/DJF) |
| Plaintiff, | |
| v. | ORDER |
| U.S. Bank National Association, Steven Kalin, and The Northwestern Mutual Life Insurance Company, | |
| Defendants. | |

## INTRODUCTION

This matter is before the Court on Plaintiff Wayne G. Popham's Motion to Amend Complaint ("Motion to Amend") (ECF No. 42). Defendants oppose the Motion to Amend on the ground that Mr. Popham's proposed amendment is futile (ECF Nos. 54, 56, 57). The Court agrees with Defendants and thus denies Mr. Popham's Motion to Amend.

## BACKGROUND

Defendant U.S. Bank National Association ("U.S. Bank") removed this matter from Hennepin County District Court in the State of Minnesota on March 26, 2024 (ECF No. 1). Prior to removal, Mr. Popham—acting pro se—filed an Amended Complaint against U.S. Bank, Steven Kalin, and The Northwestern Mutual Life Insurance Company (collectively, "Defendants") relating to three Northwestern Mutual life insurance policies and arising from policy loans beginning in 1999 ("Amended Complaint") (ECF No. 1-3). The Amended Complaint includes various claims for failure to disclose and breach of fiduciary duty that arise under the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001 et seq. (*See* ECF No. 1-3.) Defendants filed Answers to the Complaint on or before May 15, 2024 (ECF Nos. 6, 9 and 12).

In June 2024, the Court entered a Pretrial Scheduling Order adopting a phased discovery

plan, with the first phase focused on the relevant statutes of limitations and repose. (ECF No. 1 at 1.) The Court set July 31, 2024 as the deadline to amend the pleadings. (*Id.* at 3.) Mr. Popham retained counsel on July 26, 2024 (ECF No. 37.) On July 29, 2024, the parties stipulated (ECF No 39), and the Court approved (ECF No. 41), to extend the deadline to amend the pleadings until August 14, 2024. Mr. Popham filed his Motion to Amend on the deadline. (ECF No. 42.) He seeks to add a claim of financial exploitation of a vulnerable adult against Defendants Steven Kalin and The Northwestern Mutual Life Insurance Company under Minn. Stat. § 626.557, subd. 20 ("Proposed Second Amended Complaint") (ECF 45-2 at 14-15). In support of his proposed claim, Mr. Popham seeks to add allegations that arise from events purported to occur beginning in 1999, when Mr. Popham was 69 years old. (*See id. at* 5-10.) He alleges that, at that time "he possessed a physical or mental infirmity or other physical or mental dysfunction that impaired his ability to protect himself from maltreatment." (*Id.* 45-2 at ¶ 42.) His Proposed Second Amended Complaint does not indicate what type of alleged infirmity he suffered from, or how it impaired his ability to protect himself from maltreatment from 1999 to the present. (*See generally*, *id.*)

## DISCUSSION

### I.   Legal Standard

#### A.   Leave to Amend

Under Fed. R. Civ. P. 15(a), leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). But there is no absolute right to amend a pleading, and a motion to amend may be denied based on a finding of "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (internal quotation marks omitted). The decision whether to grant leave to amend is left to the sound

discretion of the district court. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008); *Leftwich ex rel. Leftwich v. Cty. of Dakota*, 9 F.4th 966, 976 (8th Cir. 2021).

A motion for leave to amend a complaint is futile when the amended complaint would be unable to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) "serves to eliminate actions which are fatally flawed in their legal premises and designed to fail." *EEOC v. Hibbing Taconite Co.*, 266 F.R.D. 260, 267 (D. Minn. 2009) (citation and internal quotation marks omitted).

**II.    Analysis**

Mr. Popham's proposed new claim arises under Minn. Stat. Minn. Stat. § 626.557, subd. 20, which provides a cause of action for vulnerable adults who are victims of financial exploitation "against a person who committed the financial exploitation." Minn. Stat. Stat 626.557, subd. 20. The statute defines "Vulnerable adult" as:

> [A]ny person 18 years of age or older who:
> …
> (4) regardless of residence or whether any type of service is received, possesses a physical or mental infirmity or other physical, mental, or emotional dysfunction:
> (i) that impairs the individual's ability to provide adequately for the individual's own care without assistance, including the provision of food, shelter, clothing, health care, or supervision; and
> (ii) because of the dysfunction or infirmity and the need for care or services, the individual has an impaired ability to protect the individual's self from maltreatment.

Minn. Stat. § 626.5572, subd. 21. The purpose of Minn. Stat. § 626.577 "is to protect adults who, because of physical or mental disability or dependency on institutional services, are particularly vulnerable to maltreatment; to assist in providing safe environments for vulnerable adults; and to

3

provide safe institutional or residential services, community based services, or living environments for vulnerable adults who have been maltreated." Minn. Stat. § 626.577, subd. 1.

Mr. Popham argues that because is currently 94 years old, and "the alleged nondisclosures and breaches of fiduciary duty he describes in his Amended Complaint have been ongoing over the preceding decades … he is and was a vulnerable adult as that term is used in Minnesota Statute 626.5572, subdivision 20, including because he possessed a physical or mental infirmity or other physical or mental dysfunction that impaired his ability to protect himself from maltreatment." (ECF No. 44 at 3.) But Mr. Popham does not specify in his Proposed Second Amended Complaint, or in his Motion to Amend, exactly what his alleged infirmity was, or how it impaired his ability to protect himself from maltreatment. (*See* ECF Nos. 44, 45-2, 45-2.) He also does not identify facts showing that he cannot "provide adequately for [his] own care without assistance," a necessary element in the definition of a vulnerable adult. *See* Minn. Stat, § 626.5572, subd. 21(4)(i). Rather, his own Amended Complaint and Proposed Second Amended Complaint state that "Popham practiced law from 1953 until 2022."[1] (ECF 1-3 at ¶ 1; see also ECF 45-2 at ¶ 1.) And Mr. Popham appeared before the Eighth Circuit and the Board of Immigration Appeals as recently as 2017, *Kegeh v. Sessions*, 865 F.3d 990, 992 (8th Cir. 2017) (Mr. Popham appearing as the sole counsel of record for the petitioner); and before the Minnesota Court of Appeals as recently as 2010, *Krech v. Krech*, Case Nos. A09-1614, A109-1836, 2010 WL 2035838, at *1 (Minn. Ct. App. May 25, 2010) (Mr. Popham appearing as the sole counsel of record for the appellants).

That Mr. Popham is now elderly does not alone make him vulnerable—even less so in 1999 when the policy loans began. Absent any allegation of an actual infirmity, the Proposed Second Amended Complaint lacks a key element of his claim. And that Mr. Popham continued representing

---

[1] In addition to practicing law, Mr. Popham served three terms in the Minnesota Senate.

clients until just two years ago virtually forecloses any determination that Mr. Popham was a vulnerable adult during the relevant timeframe. Under similar circumstances, Minnesota courts have held that a vulnerable adult claim failed as a matter of law because the claimant could not meet the statutory definition of "vulnerable adult." *See, e.g., Caccia v. Petersen ex rel. Petersen*, Case No. A05-1413, 2006 WL 1738067 (Minn. App. June 27, 2006) (concluding that independent, self-managing individual who participated in work force did not meet statutory definition of "vulnerable adult.")

Because Mr. Popham cannot plausibly establish he was a "vulnerable adult" under Minn. Stat. Minn. Stat. § 626.5572, subd. 21, his proposed amendment cannot sustain motion to dismiss. *Zutz*, 601 F.3d at 850. The Court therefore denies his Motion to Amend as futile.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Wayne G. Popham's Motion to Amend Complaint (ECF No. [42])) is **DENIED**.

Dated: August 30, 2024          *s/ Dulce J. Foster*
                                DULCE J. FOSTER
                                United States Magistrate Judge

---

(ECF No. 1-3 ¶ 2.)